# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

FT GLOBAL CAPITAL, INC.,

                Plaintiff,

    v.                              Case No. 1: 24-mc-00257-AKH

FUTURE FINTECH GROUP, INC.,

                Defendant.

## PLAINTIFF-JUDGMENT CREDITOR'S MEMORANDUM OF LAW IN SUPPORT OF TURNOVER ORDER DIRECTED TO JUDGMENT DEBTOR

                                    OLSHAN FROME WOLOSKY LLP
                                    *Attorneys for Plaintiff-Judgment*
                                    *Creditor FT Global Capital, Inc.*
                                    1325 Avenue of the Americas
                                    New York, New York 10019
                                    (212) 451-2300

Plaintiff-Judgment Creditor FT Global Capital, Inc. ("FT Global") moves this Court for a turnover order pursuant to Rule 69(a)(1) of the Federal Rules of Civil Procedure and Sections 5225, 5201, and 5240 of the New York Civil Practice Law and Rules ("CPLR"), directing Defendant-Judgment Debtor Future Fintech Group, Inc. ("Fintech") to turn over shares of stock and/or ownership interests in as well as any other indicia of ownership and control of the companies that it owns in order to satisfy FT Global's $10.8 million judgment.

## Preliminary Statement

This post-judgment enforcement action arises out of Defendant Fintech's continued refusal to pay a $10.8 million judgment rendered by a jury in the Northern District of Georgia. This Court registered the judgment on June 6, 2023, pursuant to 28 U.S.C. § 1963. As Defendant has its principal place of business in New York City, it is within the jurisdiction of this Court. Plaintiff therefore applies to the Court for a turnover order pursuant to Rule 69, and CPLR § 5225(b), directing Fintech to bring certain assets—shares of stock and/or ownership interests—to this jurisdiction where they may be sold to satisfy the judgment.

## Factual Background

The facts set forth below are based on the docket in this case and the exhibits annexed to the accompanying Declaration of Thomas J. Fleming.

The Judgment Against the Debtor

In January 2021, Plaintiff sued Defendant for breach of contract and related claims. Plaintiff FT Global sought to recover fees arising from its role in introducing two investors who later purchased more than $80 million dollars in securities from Fintech. *See FT Global Capital, Inc. v. Future Fintech Group, Inc.*, Case No. 1:21-cv-00594-JPB (N.D. Ga.).

On April 16, 2024, the Northern District of Georgia entered a jury verdict against Fintech, granting Plaintiff a total award of $10,598,379.90. The jury found, among other things, that Fintech had acted in "bad faith" in refusing to pay the fees, resorting to tactics intended to hinder and delay payment in violation of Georgia Code § 13-6-11. The jury's finding of bad faith under Georgia law resulted in an award of $980,000 in attorneys' fees.

When Fintech failed to bond the judgment, the Court issued an order pursuant to 28 U.S.C. § 1963 authorizing FT Global to register the judgment in other Districts, including the Southern District of New York. In seeking expedited treatment for its motion to register, Plaintiff noted that Fintech's CEO, Mr. Shanchun Huang, was charged by the SEC in January 2024 with fraudulent and manipulative trading practices in connection with Fintech stock. *Securities and Exchange Commission v. Shanchun Huang*, No. 1:24-cv-00238 (S.D.N.Y. Jan. 11, 2024). In February, the SEC moved preemptively for an order freezing Mr. Huang's real property in New

2

12551070-3

York, due to the "substantial danger" that he may remove assets beyond the jurisdiction of the Southern District of New York. *Id.*

On June 6, 2024, Plaintiff registered the Judgment in this Court pursuant to 28 U.S.C. § 1963 (ECF No. 1). To date, the judgment debtor has neither paid any of its judgment, nor posted any bond or security.

<u>Background on the Judgment Debtor</u>

Defendant is incorporated under the laws of the State of Florida. (Fleming Decl., Ex. A (10-K)). It is publicly traded on NASDAQ under the ticker FTFT. Currently, the main business of Fintech "includes supply chain financing services and trading in China, asset management business in Hong Kong and cross-border money transfer service in UK. The Company also expanded into brokerage and investment banking business in Hong Kong and cryptocurrency mining farm in the U.S." (*Id.*)

Defendant is a holding company with operations and assets that are, in large part, physically located overseas. According to its Form 10-K for the year ended December 31, 2023, Defendant holds 100 percent of the equity interest in the following entities (Ex. A, 10-K at 4):

1. GlobalKey SharedMall Limited (Cayman)

2. DigiPay Fintech Ltd.

3. FTFT UK Limited (UK)

4.     Tianjin Future Private Equity Fund Management Partnership (PRC)

5.     FTFT SuperComputing Inc. (USA)

6.     Future Fintech Labs Inc. (USA)

7.     Future Fintech Digital Capital Management LLC (USA)

8.     Future Fintech (Hong Kong) Limited (HK)

9.     FTFT Paraguay SA (PAR)

10.     Future Fintech's Digital Number One GP, LLC (USA).

The shares in these subsidiaries appear to be the principal assets that could be brought into this forum for sale in order to satisfy the judgment.

In its annual filing with the Florida Secretary of State, Defendant states that its current principal place of business is located at 1177 Avenue of the Americas, New York, NY 10036. (*See* Ex. B, FTFT Fla. Annual Report). In its filings with the United States Securities and Exchange Commission, Defendant has consistently stated that its principal executive offices are located in New York, New York. (Ex. A, 10-K). The transaction that gave rise to FT Global's claims took place in New York, where Fintech raised $80 million through a New York broker dealer. The SEC enforcement proceedings against Fintech's CEO were filed in this Court as well. *Securities and Exchange Commission v. Shanchun Huang*, No. 1:24-cv-00238 (S.D.N.Y. Jan. 11, 2024).

12551070-3

<u>Argument</u>

<u>THE COURT SHOULD ISSUE AN ORDER REQUIRING FINTECH TO TURN OVER SHARES OF STOCK AND OTHER EQUITY INTERESTS.</u>

A. <u>Legal Standard for a Turnover Order</u>

Under Federal Rule of Civil Procedure 69, the procedure on execution of money judgments and in proceedings "supplementary to and in aid of judgment or execution [] must accord with the procedure of the state where the court is located"—which, here, is New York. Fed. R. Civ. P. 69 (a)(1). Because Plaintiff has duly registered the judgment in this District, New York law governs enforcement here.

New York CPLR § 5225(a) governs turnover proceedings concerning property in the possession of the judgment debtor:

> Where it is shown that the judgment debtor is in possession or custody of money or other personal property in which he has an interest, the court shall order that the judgment debtor pay the money, or so much of it as is sufficient to satisfy the judgment, to the judgment creditor and, if the amount to *be so paid is insufficient to satisfy the judgment, to deliver any other personal property*, or so much of it as is of sufficient value to satisfy the judgment, to a designated sheriff.

N.Y. CPLR § 5225(a).

Similarly, CPLR § 5225(b) governs turnover of property not in possession of the judgment debtor, but in which the judgment debtor holds an interest:

> Upon a special proceeding commenced by the judgment creditor, against a person in possession or custody of money or other personal property in which the judgment debtor has an interest, or against a person who is a transferee of money or other personal property from the judgment debtor, where it is shown that the judgment debtor is entitled to the possession of such property or that the judgment

5

12551070-3

> creditor's rights to the property are superior to those of the transferee, the court shall require such person to pay the money, or so much of it as is sufficient to satisfy the judgment, to the judgment creditor and, if the amount to be so paid is insufficient to satisfy the judgment, to deliver any other personal property, or so much of it as is of sufficient value to satisfy the judgment, to a designated sheriff.

N.Y. CPLR § 5225(b).

To succeed on a turnover motion pursuant to CPLR 5225(a), a judgment creditor need only establish that the judgment debtor is "in possession or custody of" money or property that could be used to satisfy the judgment. *79 Madison LLC v. Ebrahimzadeh*, 166 N.Y.S.3d 126 (1st Dep't 2022).

In the alternative, the judgment creditor can prove that the judgment debtor will be in possession of such money in the "future" because CPLR 5201 expressly authorizes the Court to enforce a judgment against a judgment debtor's "future right or interest" in any property of "potential economic value." *See Hotel 71 Mezz Lender LLC v. Falor*, 14 N.Y.3d 303, 313 (2010) ("the operative fact was whether the property interest had potential economic value that was worthy of pursuit by the creditor"); *ABKCO Indus., Inc. v. Apple Films, Inc.*, 39 N.Y.2d 670, 673 (1976) (a judgment debtor's contingent contractual right to future "net profits" from a film "was subject to levy" by judgment creditor).

To obtain a turnover order pursuant to CPLR 5225(b), a judgment creditor must demonstrate that: "(1) 'the judgment debtor has an interest in the property the creditor seeks to reach'; and (2) either 'the judgment debtor is entitled to the

6

12551070-3

possession of such property' or 'the judgment creditor's rights to the property are superior to those of the party in whose possession it is.'"

B.  Plaintiff is Entitled to Defendant's Interest in its Subsidiaries

New York courts regularly hold that a judgment debtor's intangible ownership interest in other corporate entities constitutes personal property subject to turnover, even if the property of the defendant is outside of New York. *See, e.g.*, *245 Park Member LLC v. HNA Grp. (Int'l) Co. Ltd.*, 674 F. Supp. 3d 28, 40 (S.D.N.Y. 2023) (finding that the debtor's membership interest in an out-of-state LLC is assignable and transferable under New York enforcement procedures), *aff'd on appeal*, 2024 WL 1506798 (2d Cir. 2024); *Falor*, 14 N.Y.3d 303, 314 (N.Y. 2010) ("defendants' ownership / membership interests in 22 out-of-state limited liability companies" were leviable "property"); *see also Koehler v. Bank of Bermuda, Ltd.*, 12 N.Y.3d 533 (2009) (holding that New York courts may order banks to deliver stock certificates owned by a judgment debtor to a judgment creditor, when the certificates are located outside New York); *Ebrahimzadeh*, 166 N.Y.S.3d 126 (1st Dep't 2022) (affirming trial court order requiring judgment debtor to turn over membership interest in non-party LLC).

Fintech has publicly acknowledged its ownership interest in its various subsidiaries, which include multiple U.S. entities as well as Hong Kong and London incorporated entities. Those ownership interests should be turned over to Plaintiff so

7

that they may be sold in satisfaction of the judgment. *See, e.g.*, *Daum Global Holdings Corp. v. Ybrant Digital Limited, et al.*, 13-cv-3135, 2015 WL 5853783 (S.D.N.Y. Oct. 6, 2015) (order compelling defendant to turn over stock certificates in certain subsidiaries).

The sale of the shares would be conducted by either the Marshal or pursuant to a court-approved sale process, to assure a fair value is obtained. Plaintiff will apply to the Court for approval of such a process in the event that the parties cannot agree on one. The market has valued these subsidiaries at an amount less than the judgment. Fintech has approximately 20 million shares outstanding and its share price closed at $0.48 per share on Friday, June 28, 2024.

## Conclusion

Based on the foregoing, Plaintiff respectfully requests that the Court grant the motion.

Respectfully submitted,

*/s/ Thomas J. Fleming*
Thomas J. Fleming
Jacqueline Y. Ma
OLSHAN FROME WOLOSKY LLP
1325 Avenue of the Americas
New York, New York 10019
(212) 451-2213
TFleming@Olshanlaw.com
JMa@Olshanlaw.com

Dated: July 19, 2024

8

12551070-3

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 19, 2024, a true and correct copy of the foregoing Plaintiff's Memorandum of Law In Support of Its Motion for a Writ of Execution and Turnover Order was served via FedEx upon the registered agent for the judgment-debtor, Future Fintech Group, Inc.

                                                                                         */s/ Thomas J. Fleming*
                                                                                            Thomas J. Fleming

12551070-3