UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
:
FT GLOBAL CAPITAL, INC., :
: **ORDER AND OPINION**
Plaintiff, : **DENYING MOTION TO SET**
: **ASIDE JUDICIAL SALE**
-against- :
: 24 Misc. 257 (AKH)
FUTURE FINTECH GROUP, INC., :
:
Defendant. :
:
------------------------------------------------------------- x

ALVIN K. HELLERSTEIN, U.S.D.J.:

  Defendant Future Fintech Group, Inc. ("FTFT") seeks an Order setting aside the judicial sale on December 18, 2024 of its subsidiaries. The United States Marshals carried out that sale pursuant to my Order of August 28, 2024, directing Defendants to turn over the shares, membership, or limited partnership interests in all of its subsidiaries to the Marshals for auction or sale until the underlying $10.8 million judgment was satisfied. ECF No. 19. I ordered that judicial sale because Defendant had failed to satisfy the $10.8 million judgment rendered against it. *Id.* Alec Orudjev, the General Counsel of FT Global Capital, purchased FTFT's subsidiaries, excluding its Ohio subsidiary,[1] for $25,000 at the December 18, 2024 auction.

  N.Y. CPLR § 5233 sets out the requirements for the sale of personal property by a sheriff pursuant to execution or order. The statute provides that the sale be conducted at a time, place, and manner which in the sheriff's judgment will bring the highest price, and that printed notice of the time and place of sale be posted at least six days prior to the sale in three public places in the town or city where the sale is being held. N.Y. CPLR § 5233. N.Y. CPLR § 2003

---

[1] The Ohio subsidiary, FTFT Supercomputing, Inc., had already been sold at a previous date to a different buyer for $1 million in cash plus assumption of the subsidiary's debts.

1

provides that the court may, within a year after the sale, set the sale aside for failure to comply with the requirements of Section 5233, "if a substantial right of a party was prejudiced by the defect." NY CPLR § 2003. The court may also "exercise its inherent equitable power over a sale made pursuant to its judgment or decree to ensure that it is not made the instrument of injustice." *Guardian Loan Co. v. Early*, 47 N.Y.2d 515, 520 (N.Y. App. Ct. 1979). That power "should be exercised sparingly and with great caution," but may be used to "confer an absolute legal right to a resale in order to relieve of oppressive or unfair conduct." *Id.* at 520-21. Mere inadequacy of price does not suffice to set aside a sale unless that price "is so inadequate as to shock the court's conscience." *Harbert Offset Corp. v. Bowery Sav. Bank*, 174 A.D.2d 650, 641 (2d Dept. 1991). When claiming an inadequate price, the judgment debtor must also show "fraud, mistake or exploitive overreaching." *Guardian Loan Co.*, 47 N.Y.2d at 521.

I find that the sale was conducted in accordance with the requirements of Section 5233. Notice of the sale was posted in three public places in Manhattan, the location of the sale, for a week prior to the sale. *See* Ma Decl. ¶ 9, ECF No. 31. Defendant's attorneys and representatives were provided with a copy of the notice of the sale. *See id.* The fact that no other bidders actually participated in the auction does not relegate the sale an unfair one. Other bidders, including the Defendant, were notified of the sale and given opportunity to participate if they so chose.

Defendant argues that the price of $25,000 shocks the conscience. The Defendant argues that the book value of the subsidiaries is about $2 million, and that the sale to Mr. Orudjev was insider involvement rising to the level of collusion or misconduct. The book value, however, is not "about $2 million," but in the Consolidated Financial Workbook, only $19,883.91, less than the price obtained in foreclosure. In any event, a judicial sale values assets,

2

not according to book value but according to an auction price. There is no indication that the auction was not carried out properly. There is no evidence of collusion or fraud. Judgment-creditors may bid on credit, and the Notice of Sale did not prevent creditors from bidding. *See 255 Butler Assocs. LLC v. 255 Butler, LLC*, Index No. 511560/2015, 2023 NY Slip Op. 33053(U), at *1 (N.Y. Sup. Ct. Sept. 5, 2023). Mr. Orudjev's involvement was proper.

## CONCLUSION

For the aforementioned reasons, Defendant's motion is denied. The Clerk is directed to terminate the motion, ECF No. 29.

SO ORDERED.

Dated: February 3, 2025
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

3