UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
:
FT GLOBAL CAPITAL, INC.,                                       :
                                                               :    **ORDER GRANTING MOTIONS**
                                           Plaintiff,          :    **FOR TURNOVER OF**
                                                               :    **UNISSUED STOCK AND BANK**
        -against-                                              :    **FUNDS**
                                                               :
FUTURE FINTECH GROUP, INC.,                                    :    24 Misc. 257 (AKH)
                                                               :
                                           Defendant.          :
                                                               :
-------------------------------------------------------------- x

ALVIN K. HELLERSTEIN, U.S.D.J.:

  Plaintiff FT Global Capital, Inc. filed two motions, seeking Orders: (1) directing the turnover of funds in the amount of $19,883.91 held in Defendant Future Fintech Group, Inc. ("FTFT")'s Metropolitan Commercial Bank account, and (2) directing the turnover of 39,825,939 unissued shares of FTFT's common stock. Defendant FTFT opposes the second motion but has not expressed any opposition to a turnover of the Metropolitan bank funds.

  On April 16, 2024, a judgment of $10,598,379.90 was entered against Defendant FTFT following a jury trial in the Northern District of Georgia. That judgment was subsequently registered in this Court on June 6, 2024. 28 U.S.C. § 1963; ECF No. 3. Since that time, and pursuant to my Order of August 28, 2024, the United States Marshals carried out a judicial sale of FTFT's subsidiaries to partially satisfy the judgment, but a significant portion of the judgment remains outstanding.[1] Plaintiff has been unable to locate any significant assets of Defendant within the United States, and much of Defendant's assets are purportedly held overseas.

---

[1] The sale of the subsidiaries generated $1,025,000. The judgment amount still outstanding includes the remaining amount of judgment, as well as post-judgment interest.

1

N.Y. CPLR § 5225 governs. Section 5225(a) provides that a court "shall order that the judgment debtor pay the money" over which he has possession or custody "to the judgment creditor and, if the amount to be so paid is insufficient to satisfy the judgment, to deliver any other personal property." Section 5225(b) addresses property not in the possession or custody of the judgment debtor, and provides that:

> Upon a special proceeding commenced by the judgment creditor, against a person in possession or custody of money or other personal property in which the judgment debtor has an interest, or against a person who is a transferee of money or other personal property from the judgment debtor, where it is shown that the judgment debtor is entitled to the possession of such property or that the judgment creditor's rights to the property are superior to the transferee, the court shall require such person to pay the money . . . and, if the amount to be so paid is insufficient to satisfy the judgment, to deliver any other personal property.

In federal court, a special proceeding under Section 5225(b) is not required if a motion is brought and the court has personal jurisdiction over the garnishee. *See CSX Transp., Inc v. Island Rail Terminal, Inc.*, 879 F.3d 462, 468 (2d Cir. 2018).

FTFT has an account with Metropolitan Commercial Bank, located in Manhattan, containing $19,883.91. *See* Ma Decl. Ex. A. at 9, ECF No. 42. FTFT has an interest in funds held in its own bank account. *See Commodities & Mins. Enter. Ltd. V. CVG Ferrominera Orinoco C.A.*, 423 F. Supp. 3d 45, 51 (S.D.N.Y. 2019). As the owner of the bank account, FTFT is entitled to possession of those funds. *See id.* Additionally, Plaintiff FT Global Capital, as the judgment creditor with a valid unpaid judgment against FTFT, has a superior right to those funds. *See id.* Section 5225(b) is satisfied, and the funds must be turned over.

Given that the judgment remains unsatisfied and that Defendant's funds in the United States have been exhausted, Defendant should turn over any money or personal property in its possession or custody. N.Y. CPLR § 5225(a). Defendant FTFT has 39,825,939

authorized, unissued shares of common stock. *See* Fleming Decl., Ex. A, ECF No. 45. I hold, as other New York courts have held, that a corporation's unissued stocks are its property and are subject to Section 5225. *See Leo v. LD Holdings, Inc.*, 150 A.D.3d 620 (1st Dep't 2017); *see also Global Crossing Estate Representative v. Winnick*, 04 Civ. 2558 (GEL), 2006 WL 2212776, at *8 (S.D.N.Y. Aug. 3, 2006).

Defendant's arguments that only a corporate board can authorize the issuance of shares, that NASDAQ listing rules require shareholder approval for stock issuances exceeding 20% of outstanding shares, and that a court-mandated issuance of shares could trigger SEC scrutiny are unavailing and cannot override Section 5225(a)'s mandate that a court order the payment of money or other personal property to satisfy a judgment. Any negative downstream consequences of such a stock issuance, including the potential de-listing of FTFT on the NASDAQ stock exchange, are the natural consequences of FTFT's failure to satisfy the judgment it owes and the dictates of N.Y. CPLR § 5225.

## CONCLUSION

For the aforementioned reasons, Plaintiff's motions are granted. Metropolitan Commercial Bank is ordered to turn over the funds in FTFT's bank account to Plaintiff FT Global Capital. Defendant FTFT must turn over its unissued shares to the United States Marshals for auction. The Clerk is directed to terminate the open motions, ECF Nos. 37, 40, and 43.

SO ORDERED.

Dated: April 29, 2025
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge